**POST & SCHELL, P.C.**  Attorneys for Defendant National Indemnity
STEVEN J. SCHILDT, ESQ. (027181996)  Company
STACEY M. ZAVALAS, ESQ. (018582001)
1600 JFK BLVD., 13TH FLOOR
PHILADELPHIA, PA 19103
PHONE: 215-587-1089
E-MAIL: sschildt@postschell.com
szavalas@postschell.com

| | |
|---|---|
| THE SIENA CONDOMINIUM ASSOCIATION, INC., as the assignee of HEROD URBAN RENEWAL, LLC, HEROD REDEVELOPMENT I, LLC, HEROD MEZZ, LLC, PINNACLE INVESTMENT VENTURES, LLC, THE PINNACLE COMPANIES, LLC, KOHL PARTNERS, LLC, J.H. MACK, LLC D/B/A KOHL CONSTRUCTION GROUP, BRIAN M. STOLAR, JONATHAN LITT, AND CHUBB INSURANCE COMPANY<br>　　　　　　　　　　Plaintiffs<br>　　vs.<br><br>OHIO CASUALTY INSURANCE COMPANY, NATIONAL INDEMNITY COMPANY and MERCHANTS MUTUAL INSURANCE COMPANY<br>　　　　　　　　　　Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ESSEX COUNTY<br><br>DOCKET NO. ESX-L-2854-19<br><br><br>**NOTICE OF REMOVAL OF DEFENDANT NATIONAL INDEMNITY COMPANY** |

TO:  Gerard H. Hanson, Esq. (counsel for plaintiffs)
　　　Hill Wallack LLP
　　　21 Roszel Road
　　　P.O. Box 5226
　　　Princeton, NJ 08543-5226

　　　Clerk of Court
　　　Superior Court of New Jersey, Law Division, Essex County
　　　50 West Market Street
　　　Newark, NJ  07201

　　　PLEASE TAKE NOTICE that Defendant National Indemnity Company has filed a Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441 et seq. The above-captioned case qualifies for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, the parties are of diverse citizenship and the amount in controversy as alleged in plaintiffs' complaint is more than

$75,000. Defendant has also filed a copy of plaintiffs' complaint in the U.S. District Court for the District of New Jersey.

                                        **POST & SCHELL, P.C.**

                      BY:   */s/ Steve Schildt*
                                      **STEVEN J. SCHILDT, ESQ.**
                                      Attorney for Defendant
                                      National Indemnity Company

**DATE: 5/22/19**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE SIENA CONDOMINIUM ASSOCIATION, INC., ) <br> as the assignee of HEROD URBAN RENEWAL, LLC, ) <br> HEROD REDEVELOPMENT I, LLC, HEROD MEZZ,) <br> LLC, PINNACLE INVESTMENT VENTURES, LLC, ) <br> THE PINNACLE COMPANIES, LLC, KOHL ) <br> PARTNERS, LLC, J.H. MACK LLC D/B/A KOHL ) <br> CONSTRUCTION GROUP, BRIAN M. STOLAR, ) <br> AND JONATHAN LITT, AND CHUBB INSURANCE ) <br> COMPANY ) <br>                              **Plaintiffs** ) <br>   v. ) <br> ) <br> OHIO CASUALTY INSURANCE COMPANY, ) <br> NATIONAL INDEMNITY COMPANY and ) <br> MERCHANTS MUTUAL INSURANCE COMPANY ) <br>                              **Defendants** ) | CIVIL ACTION <br><br> NO. |

## NOTICE OF REMOVAL BY DEFENDANT NATIONAL INDEMNITY COMPANY

1. On April 23, 2019, defendant National Indemnity Company ("National") received service of plaintiffs' declaratory judgment complaint, which was originally filed in the Superior Court of New Jersey, Law Division, Essex County, at No. ESX-L-2854-19. A copy of the complaint is attached hereto as Exhibit A.

2. Plaintiff's complaint alleges that additional insured coverage is owed by defendants to plaintiffs related to an underlying construction defect case.

3. This Court's jurisdiction over this matter is based upon diversity of citizenship under 28 U.S.C. § 1332.

4. Defendant National notes that each defendant gets their own 30-day clock to remove a case. Delalla v. Hanover Ins., 660 F.3d 180 (3d Cir. 2011).

A. **CO-DEFENDANT REMOVAL CONSENT**

5. Both of National's co-defendants (Ohio Casualty and Merchants Mutual) have been served and consent to this removal. See two emails from their counsel stating same attached hereto as Exhibit B.

B. **AMOUNT IN CONTROVERSY**

6. It is well-settled that "in declaratory judgment actions based upon insurance policies, the jurisdictional amount is the maximum available under the policy." Abood v. Gulf Group Lloyds, 2008 U.S. Dist. LEXIS 51406, *7 (W.D. Pa. July 1, 2008); Hanna v. State Farm Fire & Casualty Co., 2007 U.S. Dist. LEXIS 59650, *5 (E.D. Pa. August 14, 2007) (citing cases and observing that "in a declaratory judgment action involving an insurance policy, the amount in controversy is determined by the maximum amount for which the insurer may be held liable."); Weber v. Nationwide Ins. Co., 2012 U.S. Dist. LEXIS 82614, *8-10 (E.D. Pa. June 14, 2012) (same).

7. Instantly, in paragraphs 10-12 plaintiffs allege that the policy limit of each of the three policies at issue is $1 million, for a total amount in controversy of $3 million. Plaintiff demands both indemnity and defense cost coverage from National (see counts 7-12). Thus, the $75,000 amount in controversy threshold has been met.

8. National also notes that plaintiffs' pre-suit settlement demands have been in excess of $75,000.

C. **DEFENDANT CITIZENSHIPS**

9. Defendant National is incorporated in Nebraska, and also has its principal place of business in Omaha, Nebraska.

10.  Defendant Ohio Casualty is incorporated in New Hampshire and has its principal place of business in Boston, Massachusetts.

11.  Defendant Merchants Mutual is incorporated in New York and also has its principal place of business in Buffalo, New York.

12.  Thus, the defendant citizenships are Nebraska, New Hampshire, Massachusetts, and New York.

**D.    PLAINTIFF CITIZENSHIPS**

13.  Defendant National has extensively investigated the plaintiff citizenships. This included a review of the underlying case pleadings, google searches, and LEXIS public record searches. The allegations below are based on this investigation.

14.  Plaintiff "The Siena Condominium Association, Inc." is a New Jersey Corporation with its principal place of business also in New Jersey.

15.  Plaintiff "Chubb Insurance Company" is incorporated in New Jersey with its principal place of business also in Warren, New Jersey.

16.  Plaintiff "Brian M. Stolar" is a citizen of New Jersey.

17.  Plaintiff "Jonathan Litt" is a citizen of Connecticut.

18.  This leaves the plaintiff LLC entities: "Herod Urban Renewal, LLC, Herod Redevelopment I, LLC, Herod Mezz, LLC, Pinnacle Investment Ventures, LLC, The Pinnacle Companies, LLC, Kohl Partners, LLC, and J.H. Mack, LLC d/b/a Kohl Construction Group."

19.  Limited liability companies have a special citizenship rule. Specifically, "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). LLC "members" are also called "owners."  Pursuant to the eased pleading requirements regarding the citizenship of LLCs,

defendant National has been unable to identify (via the internet and LEXIS public records) any members/owners of any of these LLC entities that are also citizens of any of the defense states of citizenship (Nebraska, New Hampshire, Massachusetts, and New York). This is sufficient specificity to support a diversity removal involving LLC entities. Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99 (3d Cir. 2015).

20. Thus, there is complete diversity in that we have New Jersey and Connecticut versus Nebraska, New Hampshire, Massachusetts, and New York.

21. Accordingly, this action satisfies diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because, as set forth above, all parties are of diverse citizenship and the amount in controversy as alleged in plaintiff's complaint is in excess of $75,000.

22. This Notice of Removal has been filed within 30 days of National's receipt of plaintiff's complaint, and is therefore timely under 28 U.S.C. § 1446.

23. Pursuant to 28 U.S.C. § 1446(d), National is contemporaneously filing a copy of this Notice of Removal with the Clerk of Court of the Superior Court of New Jersey, Law Division, Essex County, in order to effect removal of this action.

POST & SCHELL, P.C.

BY: _____
**STEVEN J. SCHILDT, ESQ.**
Attorney for Defendant National
1600 JFK Blvd., 13th Floor
Philadelphia, PA 19103
Phone: 215-587-1089
E-mail: sschildt@postschell.com

**DATE: 5/22/19**

6

## INITIAL CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that, to the best of my knowledge, information, and belief, the matter in controversy set forth in the foregoing Notice of Removal and accompanying complaint is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

DATE: 5/22/19

_____
STEVEN J. SCHILDT, ESQ.

## CERTIFICATE OF FILING IN BOTH COURTS AND SERVICE

I hereby certify that the foregoing Notice of Removal has been filed via the Court's electronic filing system. The foregoing has also been filed electronically with the Essex County Superior Court. Finally, the foregoing has also been served via first class mail on the following person on the date indicated below:

Gerard H. Hanson, Esq.
Hill Wallack LLP
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226

DATE: 5/22/19

_____
STEVEN J. SCHILDT, ESQ.