# EXHIBIT

# A



*06431760*

# State of New Jersey
### Department of Banking and Insurance
### Office of the Commissioner
PO Box 325
Trenton, NJ 08625-0325

**Phil Murphy**
*Governor*

**Sheila Oliver**
*Lt. Governor*

Tel (609) 292-7272

**Marlene Caride**
*Commissioner*

*CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*

4/23/2019
# RECEIVED

APR 2 9 2019

1314 Douglas St
Omaha NE

Attention:  J. MICHAEL GOTTSCHALK
NATIONAL INDEMNITY COMPANY
3024 HARNEY STREET
OMAHA, NE 68131

RE: The Siena Condominium Association, Inc. v. National Indemnity
Company, et al.
Superior Court of New Jersey, Essex County Law Division
Docket No.:  ESX-L-2854-19

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of
Banking and Insurance has accepted original service of process on your behalf in the above-
captioned matter.  The documents served are enclosed herein.

By copy of this letter I am advising the attorney for the Plaintiff(s) in this matter that these
documents have been transmitted to you, and confirming that the Commissioner of Banking
and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

*Debra A. Mullen*

**Debra A. Mullen**
Administrative Assistant

609- 984- 3602
X 50031

C:  Hill Wallack LLP
ATTN:  Todd J. Leon, Esq.
21 Roszel Road
PO Box 5226
Princeton, NJ 08543-5226



*Visit us on the Web at dobi.nj.gov*

*New Jersey is an Equal Opportunity Employer*   *Printed on Recycled Paper and Recyclable*

Gerard H. Hanson, Esq.
Attorney I.D. #022301978
James G. O'Donohue, Esq.
Attorney I.D. #019241984
Todd J. Leon, Esq.
Attorney I.D. #030051998
Hill Wallack LLP
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
(609) 924-0808

Attorneys for Plaintiff,
The Siena Condominium Association, Inc.,
as the assignee of Herod Urban Renewal, LLC,
Herod Redevelopment I, LLC, Herod Mezz, LLC,
Pinnacle Investment Ventures, LLC,
The Pinnacle Companies, LLC, Kohl Partners, LLC,
J.H. Mack, LLC d/b/a Kohl Construction Group ,
Brian M. Stolar, and Jonathan Litt and
Chubb Insurance Company

| | |
|---|---|
| THE SIENA CONDOMINIUM ASSOCIATION, INC., as the assignee of HEROD URBAN RENEWAL, LLC, HEROD REDEVELOPMENT I, LLC, HEROD MEZZ, LLC, PINNACLE INVESTMENT VENTURES, LLC, THE PINNACLE COMPANIES, LLC, KOHL PARTNERS, LLC, J.H. MACK, LLC D/B/A KOHL CONSTRUCTION GROUP , BRIAN M. STOLAR, AND JONATHAN LITT, AND CHUBB INSURANCE COMPANY, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, ESSEX COUNTY DOCKET NO.:  ESX-L-2854-19

Civil Action |
| Plaintiff | |
| v. | |
| OHIO CASUALTY INSURANCE COMPANY, NATIONAL INDEMNITY COMPANY and MERCHANTS MUTUAL INSURANCE COMPANY, | **SUMMONS** |
| Defendants | |

From The State of New Jersey
To The Defendant(s) Named Above:          National Indemnity Company


   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the Complaint is one in foreclosure, then you must file your written Answer or Motion and Proof of Service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written Answer or Motion within 35 days, the court may enter a Judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.



Dated:  4/19/19                                 /S/ Michelle M. Smith
                                                Michelle M. Smith
                                                Clerk of the Superior Court

Name of Defendant To Be Served:


National Indemnity Company
1314 Douglas Street, Suite 1400
Omaha, NE 68102-1944

Gerard H. Hanson, Esq.
Attorney I.D. #022301978
James G. O'Donohue, Esq.
Attorney I.D. #019241984
Todd J. Leon, Esq.
Attorney I.D. #030051998
Hill Wallack LLP
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
(609) 924-0808

Attorneys for Plaintiff,
The Siena Condominium Association, Inc.,
as the assignee of Herod Urban Renewal, LLC,
Herod Redevelopment I, LLC, Herod Mezz, LLC,
Pinnacle Investment Ventures, LLC,
The Pinnacle Companies, LLC, Kohl Partners, LLC,
J.H. Mack, LLC d/b/a Kohl Construction Group ,
Brian M. Stolar, and Jonathan Litt and
Chubb Insurance Company

| | |
|---|---|
| THE SIENA CONDOMINIUM ASSOCIATION, INC., as the assignee of HEROD URBAN RENEWAL, LLC, HEROD REDEVELOPMENT I, LLC, HEROD MEZZ, LLC, PINNACLE INVESTMENT VENTURES, LLC, THE PINNACLE COMPANIES, LLC, KOHL PARTNERS, LLC, J.H. MACK, LLC D/B/A KOHL CONSTRUCTION GROUP , BRIAN M. STOLAR, AND JONATHAN LITT, AND CHUBB INSURANCE COMPANY, <br><br> Plaintiff <br><br> v. <br><br> OHIO CASUALTY INSURANCE COMPANY, NATIONAL INDEMNITY COMPANY and MERCHANTS MUTUAL INSURANCE COMPANY, <br><br> Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, ESSEX COUNTY DOCKET NO.:  ESX-L-2854-19 <br><br> Civil Action <br><br><br><br> **FIRST AMENDED DECLARATORY JUDGMENT COMPLAINT, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR JURY TRIAL, AND CERTIFICATION** |

Plaintiff, The Siena Condominium Association, Inc. ("The Siena"), as the assignee of Herod Urban Renewal, LLC, Herod Redevelopment I, LLC, Herod Mezz, LLC, Pinnacle Investment Ventures, LLC, The Pinnacle Companies, LLC, Kohl Partners, LLC, J.H. Mack, LLC d/b/a Kohl Construction Group, Brian M. Stolar, and Jonathan Litt (collectively "Herod") and Chubb Insurance Company ("Chubb"), by way of Declaratory Judgment Complaint, asserts:

## Background

1.      This coverage suit arises out of underlying claims prosecuted by The Siena, which is comprised of 101 multi-family dwelling units and one unit used for retail purposes and appurtenant Common Areas and facilities, situated in one seven story building in the Township of Montclair, Essex County, New Jersey.

2.      The Siena filed a lawsuit instituted in the Superior Court of New Jersey – Essex County, bearing Docket No. ESX-L-7164-11, alleging claims against Herod related to alleged design and construction defects and consequential property damage in the common areas and certain other portions of the Siena (the "Underlying Complaint").

3.      In response to the filing of the Underlying Complaint against it, Herod filed a Third-Party Complaint against multiple parties, including, inter alia, Acies Group, LLC ("Acies"), which was sub-contracted by the prime contractor for the construction project, J.H. Mack, Inc., to perform exterior stucco, sealant and caulking work during the construction of the Siena condominiums.

4.      The allegations set forth by The Siena in the Underlying Complaint concerned multiple aspects of the construction project, including property damage caused by and/or arising out of work performed by Acies.

5.      The agreement executed by Acies with J.H. Mack incorporated by reference the Prime Contract between The Siena and J.H. Mack, Inc.

6.      Among the obligations incorporated into the agreement executed by Acies were the Insurance Requirements of the Prime Contract.

7.      The Insurance Requirements obligated Acies to obtain Commercial General Liability ("CGL") insurance, including "additional insurance" coverage on behalf of various parties, including Herod.

8.      The Insurance Requirements further required that the "additional insurance" coverage obtained by Acies be primary and not contributory with, or in excess of, any coverage maintained by Herod.

### Insurance Coverage Issued to Acies

9.      Acies was the Named Insured under the following CGL policies during the period in which Acies performed work and/or property damage occurred at Siena:

- policy number BH00753331835, issued by Ohio Casualty Insurance Company ("Ohio Casualty"), which was in effect between February 7, 2006 and December 7, 2006;

- policy number 70LPE704362, issued by National Indemnity Company ("National Indemnity"), which was in effect between May 25, 2006 and May 25, 2007;

- policy number CMP9147843, issued by Merchants Mutual Insurance Company ("Merchants Mutual"), which was in effect for consecutive one-year policy terms between January 1, 2007 and January 1, 2008; January 1, 2008 and January 1, 2009; and January 1, 2009 and January 1, 2010.

10.     The Ohio Casualty CGL policy includes a per occurrence limit of $1 Million and no self-insured retention or deductible.

11.     The National Indemnity CGL policy includes a per occurrence limit of $1 Million and no self-insured retention or deductible.

12.     Each term of the Merchants Mutual CGL policy includes a per occurrence limit of $1 Million and no self-insured retention or deductible.

13.     Upon information and belief, both National Indemnity and Merchants Mutual defended Acies throughout the life of the underlying litigation.

14.     On June 13, 2012, Herod tendered a demand to Ohio Casualty for "additional insurance" coverage, including defense and indemnification, with respect to the Underlying Complaint filed by Siena.

15.     On March 16, 2018, Herod tendered a demand to National Indemnity for additional insurance coverage, including defense and indemnification, with respect to the Underlying Complaint filed by Siena.

16.     Herod re-tendered a demand for additional insurance coverage to National Indemnity on April 30, 2018.

17.     Herod tendered a demand to Merchants Mutual for additional insurance coverage, including defense and indemnification, with respect to the Underlying Complaint filed by Siena.

18.     On August 3, 2018, Merchants Mutual issued a letter denying the tender by Herod.

19.     Neither Ohio Casualty nor National Indemnity has ever responded to Herod's tenders for additional insurance coverage.

20.     Ohio Casualty, National Indemnity and Merchants Mutual have neither defended nor offered to indemnify Herod against the underlying litigation under the CGL policies issued by Ohio Casualty, National Indemnity and Merchants Mutual, respectively, to Acies.

## Insurance Coverage Issued to Herod

21.     Also at the time of the claims giving rise to the Underlying Complaint, Herod was the Named Insured on a CGL policy of insurance issued by Chubb.

22.     Chubb defended Herod throughout the pendency of the underlying litigation, and incurred substantial defense fees and costs in so doing.

## Settlement of Underlying Case

23.     Following extensive discussions, The Siena and Herod, as well as most of the parties and entities named in the third-party action, but not Acies, reached a settlement of the claims asserted in the Underlying Complaint.

24.     The terms and conditions of the settlement are confidential, per the agreement of the parties thereto.

25.     As part of the settlement, Herod and Chubb assigned to Herod their rights to assert any and all causes of action related to those entities' respective claims for additional insurance coverage and contribution against National Indemnity.

## COUNT ONE

26.     The Siena seeks Judgment from this court declaring that Ohio Casualty owed "additional insurance" coverage, including a duty to defend and indemnify, to Herod with respect to the Underlying Complaint.

## COUNT TWO

27.     The Siena seeks Judgment from this court against Ohio Casualty, declaring that the "additional insurance" coverage owed by Ohio Casualty to Herod is primary to the coverage provided to Herod by Chubb under the CGL policy issued to Herod.

### COUNT THREE

28.     The Siena seeks Judgment from this court against Ohio Casualty, declaring that

Ohio Casualty owes indemnification for its proportionate share of the property damage at Siena

caused by the work of Acies, for which Herod was liable.

### COUNT FOUR

29.     The Siena seeks Judgment from this court obligating Ohio Casualty to reimburse

the attorneys' fees and costs incurred by Chubb in the defense of the Underlying Complaint.

### COUNT FIVE

30.     The Siena seeks Judgment from this court declaring that Ohio Casualty is

estopped from disclaiming coverage to Herod with respect to its claim for additional insurance

coverage.

### COUNT SIX

31.     The Siena seeks Judgment from this court obligating Ohio Casualty to reimburse

the attorneys' fees and costs incurred to prosecute the Declaratory Judgment action.

### COUNT SEVEN

32.     The Siena seeks Judgment from this court declaring that National Indemnity owed

"additional insurance" coverage, including a duty to defend and indemnify, to Herod with

respect to the Underlying Complaint.

### COUNT EIGHT

33.     The Siena seeks Judgment from this court against National Indemnity, declaring

that the "additional insurance" coverage owed by National Indemnity to Herod is primary to the

coverage provided to Herod by Chubb under the CGL policy issued to Herod.

### COUNT NINE

34.     The Siena seeks Judgment from this court against National Indemnity, declaring that National Indemnity owes indemnification for its proportionate share of the property damage at Siena caused by the work of Acies, for which Herod was liable.

### COUNT TEN

35.     The Siena seeks Judgment from this court obligating National Indemnity to reimburse the attorneys' fees and costs incurred by Chubb in the defense of the Underlying Complaint.

### COUNT ELEVEN

36.     The Siena seeks Judgment from this court declaring that National Indemnity is estopped from disclaiming coverage to Herod with respect to its claim for additional insurance coverage.

### COUNT TWELVE

37.     The Siena seeks Judgment from this court obligating National Indemnity to reimburse the attorneys' fees and costs incurred to prosecute the Declaratory Judgment action.

### COUNT THIRTEEN

38.     The Siena seeks Judgment from this court declaring that Merchants Mutual owed "additional insurance" coverage, including a duty to defend and indemnify, to Herod with respect to the Underlying Complaint.

### COUNT FOURTEEN

39.     The Siena seeks Judgment from this court against Merchants Mutual, declaring that the "additional insurance" coverage owed by Merchants Mutual to Herod is primary to the coverage provided to Herod by Chubb under the CGL policy issued to Herod.

## COUNT FIFTEEN

40.     The Siena seeks Judgment from this court against Merchants Mutual, declaring that Merchants Mutual owes indemnification for its proportionate share of the property damage at Siena caused by the work of Acies, for which Herod was liable.

## COUNT SIXTEEN

41.     The Siena seeks Judgment from this court obligating Merchants Mutual to reimburse the attorneys' fees and costs incurred by Chubb in the defense of the Underlying Complaint.

## COUNT SEVENTEEN

42.     The Siena seeks Judgment from this court declaring that Merchants Mutual is estopped from disclaiming coverage to Herod with respect to its claim for additional insurance coverage.

## COUNT EIGHTEEN

43.     The Siena seeks Judgment from this court obligating Merchants Mutual to reimburse the attorneys' fees and costs incurred to prosecute the Declaratory Judgment action.

WHEREFORE, the plaintiff, The Siena Condominium Association, Inc., as the assignee of Herod Urban Renewal, LLC, Herod Redevelopment I, LLC, Herod Mezz, LLC, Pinnacle Investment Ventures, LLC, The Pinnacle Companies, LLC, Kohl Partners, LLC, J.H. Mack, LLC d/b/a Kohl Construction Group, Brian M. Stolar, and Jonathan Litt and Chubb Insurance Company, demands Judgment:

- declaring that Ohio Casualty, National Indemnity and/or Merchants Mutual owed additional insurance coverage, including a duty to defend and indemnify, to Herod with respect to the Underlying Complaint;

- declaring that the additional insurance coverage owed by Ohio Casualty, National Indemnity and/or Merchants Mutual to Herod is primary to the coverage provided to Herod by Chubb under the CGL policy issued to Herod;

- declaring that Ohio Casualty, National Indemnity and/or Merchants Mutual owe indemnification for their proportionate share of coverage for the property damage at Siena caused by the work of Acies, for which Herod was liable;

- declaring that Ohio Casualty, National Indemnity and/or Merchants Mutual are obligated to reimburse counsel fees incurred by Chubb in the defense of the Underlying Complaint;

- declaring that Ohio Casualty, National Indemnity and/or Merchants Mutual are estopped from disclaiming coverage to Herod with respect to its claim for additional insurance coverage; and

- declaring that Ohio Casualty, National Indemnity and/or Merchants Mutual are obligated to reimburse Siena for any and all counsel fees incurred to prosecute the Declaratory Judgment action.

HILL WALLACK LLP

Attorneys for Plaintiff,
The Siena Condominium Association, Inc.,
as the assignee of Herod Urban Renewal,
LLC, Herod Redevelopment I, LLC, Herod
Mezz, LLC, Pinnacle Investment Ventures,
LLC, The Pinnacle Companies, LLC, Kohl
Partners, LLC, J.H. Mack, LLC d/b/a Kohl
Construction Group , Brian M. Stolar, and
Jonathan Litt and Chubb Insurance
Company

/s/ Todd J. Leon
_____

Todd J. Leon
Gerard H. Hanson

Dated:  April 18, 2019

## DESIGNATION OF TRIAL COUNSEL

The plaintiff, The Siena Condominium Association, Inc., as the assignee of Herod Urban Renewal, LLC, Herod Redevelopment I, LLC, Herod Mezz, LLC, Pinnacle Investment Ventures, LLC, The Pinnacle Companies, LLC, Kohl Partners, LLC, J.H. Mack, LLC d/b/a Kohl Construction Group , Brian M. Stolar, and Jonathan Litt and Chubb Insurance Company, hereby designates James G. O'Donohue, Esquire as trial counsel in this matter.

## DEMAND FOR JURY TRIAL

The plaintiff, The Siena Condominium Association, Inc., as the assignee of Herod Urban Renewal, LLC, Herod Redevelopment I, LLC, Herod Mezz, LLC, Pinnacle Investment Ventures, LLC, The Pinnacle Companies, LLC, Kohl Partners, LLC, J.H. Mack, LLC d/b/a Kohl Construction Group , Brian M. Stolar, and Jonathan Litt and Chubb Insurance Company, hereby demands trial by jury as to all issues.

HILL WALLACK LLP


BY:___/s/ Todd J. Leon_____
       Todd J. Leon

## CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify that to my knowledge the within matter in controversy is the subject of <u>Siena Condominium Association v. Herod Urban Renewal, LLC, et al.</u>, bearing docket number ESX-L-7164-11, as well as <u>Siena Condominium Association v. Netherlands Insurance Company</u>, bearing docket number ESX-L-2852-19.  To my knowledge no other action or arbitration is contemplated.


_____/s/ Todd J. Leon_____
      TODD J. LEON

Dated: April 18, 2019



US POSTAGE >> PITNEY BOWES

ZIP 08628 $ 007.75⁰
02 1M
0001389429 APR 25 2019



CERTIFIED MAIL

7015 0640 0002 4536 3756

STATE OF NEW JERSEY
DEPARTMENT OF BANKING AND INSURANCE
PO BOX 325
TRENTON, NJ 08625-0325

RETURN RECEIPT
REQUESTED

NATIONAL INDEMNITY COMPANY
ATTN: J MICHAEL GOTTSCHALK
3024 HARNEY STREET
OMAHA NE  68131