UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE SIENA CONDOMINIUM ASSOC., INC. et al., | Civil Action No. 19-12817 (SRC) |
| Plaintiffs, | **OPINION & ORDER** |
| v. |  |
| OHIO CASUALTY INSURANCE CO. et al., |  |
| Defendants. |  |

**CHESLER, District Judge**

This matter comes before the Court on the motion to remand by Plaintiffs Chubb Insurance Company, Herod Mezz, LLC, Herod Redevelopment I, LLC, J.H. Mack, LLC, Kohl Partners, LLC, Jonathan Litt, Pinnacle Investment Ventures, LLC, Brian M. Stolar, The Pinnacle Companies, LLC, and The Siena Condominium Association, Inc. (collectively, "Plaintiffs.") The notice of removal filed on May 22, 2019 alleges that this Court has diversity jurisdiction over this insurance policy declaratory judgment action, pursuant to 28 U.S.C. § 1332. Plaintiffs move to remand this case, urging this Court to exercise its discretion to decline to exercise jurisdiction over the case. Plaintiffs point to a key Third Circuit case, Rarick v. Federated Serv. Ins. Co., 852 F.3d 223, 227 (3d Cir. 2017), which states:

> A federal district court's discretion to decline jurisdiction depends on whether the complaint seeks legal or declaratory relief. When an action seeks legal relief, federal courts have a "virtually unflagging obligation" to exercise jurisdiction. . . .
>
> When an action seeks declaratory relief, however, federal courts may decline jurisdiction under the Declaratory Judgment Act.

1

The parties agree that, because the case involves declaratory relief only, this Court has the discretion to decline to exercise jurisdiction. At issue on this motion to remand is the question of the exercise of that discretion.

In short, Plaintiffs argue that this Court should follow the principles stated in Reifer v. Westport Ins. Corp., 751 F.3d 129, 141 (3d Cir. 2014), citing Summy, and decline to exercise jurisdiction over this case. Defendants National Indemnity Company, Ohio Casualty Insurance Company, and Merchants Mutual Insurance Company (collectively, "Defendants") argue that this Court should follow the principles stated in Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 287 (3d Cir. 2017) and exercise jurisdiction. In Kelly, the Third Circuit concluded: "we conclude that requiring a district court to consider whether the proceeding before it is substantially similar to a contemporaneous state proceeding will better enable the court to weigh the interests underlying its significant discretion and a litigant's entitlement to seek declaratory relief in federal court." Id. at 286.

Plaintiffs acknowledge that the parties to the companion case in state court are not identical to the parties to the present action, but argue that the two cases are nonetheless parallel litigations, within the meaning of Kelly. Plaintiffs describe the state court case as a suit by the Siena, a building development project, against the project developers for construction defects. (Pls.' Br. 3.) The Complaint in the instant case asks this Court to declare the coverage obligations of the Defendant insurance companies to the developers.

This Court does not agree with Plaintiffs that the present action and the state court action are substantially similar. This Court concludes that the present case is not substantially similar

2

to, nor parallel to, a contemporaneous state proceeding and that, pursuant to <u>Kelly</u>, abstention is not warranted. This Court exercises its discretion to retain jurisdiction over the present case and will deny the motion to remand.

For these reasons,

**IT IS** on this 1st day of August, 2019

**ORDERED** that Plaintiffs' motion to remand (Docket Entry No. 10) is **DENIED**.

                                                              s/ Stanley R. Chesler
                                                           Stanley R. Chesler, U.S.D.J